UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIGHT HOUSE NETWORKS, LLC,

    Plaintiff,

v.                            Case No. 8:14-cv-1237-T-33TBM

PINELLAS COUNTY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Pinellas County's Motion to Dismiss Complaint for Declaratory Relief (Doc. # 10), filed on June 24, 2014. Plaintiff Bright House Networks, LLC filed a response in opposition to the Motion on July 17, 2014. For the reasons stated below, the Motion is granted as Bright House has failed to establish that this Court has subject matter jurisdiction over this action.

**I.    Background**

Bright House brought this action against Pinellas County on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, on May 27, 2014. (Doc. # 1). In its Complaint, Bright House alleges that it is a party to a Right of Way Utilization Permit containing an indemnification provision with Pinellas

County. (Id. at ¶ 3). The Permit relates to the construction of a Bright House conduit on a bridge in Pinellas County. (Id. at ¶ 8). According to Bright House, Pinellas County's bridge contractor "asserted claims against Pinellas County" for breach of contract, common law indemnity, and breach of the Prompt Payment Act relating to construction of the aforementioned bridge. (Id. at ¶ 9). Pinellas County has since "entered into a purported *Coblentz* agreement" regarding the contractor's claims without consulting Bright House. (Id. at ¶ 10).

Thus, Bright House seeks declaratory relief concerning (1) the scope of an indemnification provision in a Right of Way Utilization Permit to which both Bright House and Pinellas County are parties; (2) whether Bright House has a duty to defend Pinellas County; and (3) whether Bright House has wrongfully refused to defend Pinellas County pursuant to the Permit. (Id. at ¶ 16).

Pinellas County filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on June 24, 2014, asserting, among other things, "the question of whether there is complete diversity between the parties has not been fully answered." (Doc. # 10 at 8-9). Pinellas County contends that the case "should be dismissed or, alternatively, Bright

2

House should be required to detail <u>all</u> layers of Bright House's partners and members and their respective citizenships." (<u>Id.</u> at 9-10)(emphasis in original). Bright House filed a response in opposition on July 17, 2014. (Doc. # 16). This Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises. As this Court finds that Bright House has failed to establish that this Court has jurisdiction over this action, the Court will limit its discussion to Pinellas County's Fed. R. Civ. P. 12(b)(1) arguments.

**II. <u>Legal Standard</u>**

Federal courts are courts of limited jurisdiction. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

3

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

**III. Discussion**

Bright House initiated this action on the basis of diversity jurisdiction. See 28 U.S.C. § 1332(a). In an effort to establish complete diversity, Bright House alleges:

> Plaintiff [Bright House] is a Delaware limited liability company . . . [Bright House] is not a

4

> citizen of the State of Florida. [Bright House's] principal place of business is New York. None of the members of [Bright House] are citizens of the State of Florida.
>
> Defendant Pinellas County is a political subdivision of the State of Florida.

(Doc. # 1 at ¶¶ 1-2). However, noting that Bright House failed to properly allege its own citizenship, the Court entered the following Order on May 29, 2014:

> ENDORSED ORDER: Plaintiff attempts to allege diversity of citizenship as the basis for the Court's jurisdiction over this matter. However, because the Complaint fails to properly allege Plaintiff's citizenship, diversity has not been definitively established. In the Complaint, Plaintiff states that Defendant is a political subdivision of the State of Florida and Plaintiff is a Delaware limited liability company with its principal place of business in New York and summarily indicates that none of its members are citizens of Florida. Diversity jurisdiction in a case involving a limited liability company is based on the citizenship of all members of the limited liability company. Therefore, the Court directs Plaintiff to file, on or before June 3, 2014, a supplemental memorandum of law demonstrating that proper grounds for diversity jurisdiction exists. Failure to satisfy the Court that the requirements for diversity jurisdiction exist may result in an Order of dismissal for lack of jurisdiction.

(Doc. # 4)(internal citations omitted); see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d

5

1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company.").

Bright House filed its supplemental memorandum regarding citizenship on June 3, 2014, and stated:

> [Bright House] has one member, the Time Warner Entertainment Advance/Newhouse Partnership, a New York general partnership, whose principal place of business is in New York. This partnership consists of two partners: Advance/Newhouse Partnership, a New York General Partnership, whose principal place of business is in New York, and Time Warner Cable Enterprises, LLC, a Delaware limited liability company, whose principal place of business is also in New York. None of the partners of the Advance/Newhouse Partnership and none of the members of Time Warner Cable Enterprises, LLC, are citizens of Florida.

(Doc. # 5).

Thereafter, Pinellas County filed the present Motion arguing that a question still exists as to whether complete diversity exists between the parties. (Doc. # 10 at 8-10). Specifically, Pinellas County argues that "[w]ithout a full disclosure of all of the various members and partners involved, the Court cannot trace Bright House's members' citizenship 'through however many layers of partners or members there may be' and therefore cannot determine

6

diversity jurisdiction." (Id. at 9) (quoting Scuotto v. Lakeland Tours, LLC, et al., No. 3:13-cv-1393-J-34JRK, 2013 U.S. Dist. LEXIS 173097, *4 (M.D. Fla. 2013)).

On July 18, 2014, this Court held a case management hearing and discussed with the parties the issue of jurisdiction. (Doc. # 17). At the hearing, Bright House cited to a declaration by Bright House's general counsel, which is attached to its response in opposition to the Motion. (See Doc. # 16-4). However, Bright House acknowledged that the declaration fails to describe or identify the partners or members of Time Warner Cable Enterprises, LLC or Advance/New House Partnership.

Bright House represented to the Court that with additional time to research the issue, it could provide the necessary information, and thus, the Court set August 4, 2014, as the deadline for Bright House to provide the supplemental information to establish its citizenship and demonstrate complete diversity.

At this juncture, Bright House has failed to file a supplemental memorandum, and the time to do so has passed. This Court has granted Bright House ample opportunity to demonstrate that this Court has diversity jurisdiction over this action. As Bright House has failed to establish that

7

complete diversity exists in this action, this Court grants Pinellas County's Motion. See Muscle Shoals Assocs., Ltd. v. MHF Ins. Agency, Inc., 792 F. Supp. 1224, 1227 (N.D. Ala. 1992) ("The rules [regarding jurisdiction] are straightforward, and the law demands strict adherence to them."); Rolling Greens MHP, L.P., 374 F.3d at 1022 (the burden of pleading diversity of citizenship is on the party invoking federal jurisdiction).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Pinellas County's Motion to Dismiss Complaint for Declaratory Relief (Doc. # 10) is **GRANTED** as Bright House has failed to establish that this Court has subject matter jurisdiction over this action.

(2) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

8