```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

BRIGHT HOUSE NETWORKS, LLC,

    Plaintiff,

v.                               Case No. 8:14-cv-1237-T-33TBM

PINELLAS COUNTY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Bright House Networks, LLC's Motion for Reconsideration of Dismissal Order (Doc. # 23), filed on August 11, 2014. On August 12, 2014, this Court directed Defendant Pinellas County to file a response by August 14, 2014, detailing its position on the limited issue of whether this Court has subject matter jurisdiction over this action. (Doc. # 24). Pinellas County timely filed a response. (Doc. # 25). For the reasons stated below, the Motion is granted.

**I.  Background**

Bright House initiated this action against Pinellas County on May 27, 2014. (Doc. # 1). In its Complaint, Bright House alleges that it is a party to a Right of Way Utilization Permit containing an indemnification provision with Pinellas

County. (Id. at ¶ 3). The Permit relates to the construction of a Bright House conduit on a bridge in Pinellas County. (Id. at ¶ 8). According to Bright House, Pinellas County's bridge contractor "asserted claims against Pinellas County" for breach of contract, common law indemnity, and breach of the Prompt Payment Act relating to construction of the aforementioned bridge. (Id. at ¶ 9). Pinellas County has since "entered into a purported *Coblentz* agreement" regarding the contractor's claims without consulting Bright House. (Id. at ¶ 10). Bright House seeks declaratory relief concerning (1) the scope of an indemnification provision in a Right of Way Utilization Permit to which both Bright House and Pinellas County are parties; (2) whether Bright House has a duty to defend Pinellas County; and (3) whether Bright House has wrongfully refused to defend Pinellas County pursuant to the Permit. (Id. at ¶ 16).

Bright House brought this action before this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In an effort to establish complete diversity, Bright House alleged:

> Plaintiff [Bright House] is a Delaware limited liability company . . . [Bright House] is not a citizen of the State of Florida. [Bright House's] principal place of business is New York.  None of

2

> the members of [Bright House] are citizens of the State of Florida.
>
> Defendant Pinellas County is a political subdivision of the State of Florida.

(Id. at ¶¶ 1-2). However, noting that Bright House failed to properly allege its own citizenship, the Court entered the following Order on May 29, 2014:

> ENDORSED ORDER: Plaintiff attempts to allege diversity of citizenship as the basis for the Court's jurisdiction over this matter. However, because the Complaint fails to properly allege Plaintiff's citizenship, diversity has not been definitively established. In the Complaint, Plaintiff states that Defendant is a political subdivision of the State of Florida and Plaintiff is a Delaware limited liability company with its principal place of business in New York and summarily indicates that none of its members are citizens of Florida. Diversity jurisdiction in a case involving a limited liability company is based on the citizenship of all members of the limited liability company. Therefore, the Court directs Plaintiff to file, on or before June 3, 2014, a supplemental memorandum of law demonstrating that proper grounds for diversity jurisdiction exists. Failure to satisfy the Court that the requirements for diversity jurisdiction exist may result in an Order of dismissal for lack of jurisdiction.

(Doc. # 4)(internal citations omitted); see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the

3

—

citizenships of all the members of the limited liability company.").

Bright House filed its supplemental memorandum regarding citizenship on June 3, 2014, and stated:

> [Bright House] has one member, the Time Warner Entertainment Advance/Newhouse Partnership, a New York general partnership, whose principal place of business is in New York. This partnership consists of two partners: Advance/Newhouse Partnership, a New York General Partnership, whose principal place of business is in New York, and Time Warner Cable Enterprises, LLC, a Delaware limited liability company, whose principal place of business is also in New York. None of the partners of the Advance/Newhouse Partnership and none of the members of Time Warner Cable Enterprises, LLC, are citizens of Florida.

(Doc. # 5).

Pinellas County filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on June 24, 2014, asserting, among other things, "the question of whether there is complete diversity between the parties has not been fully answered." (Doc. # 10 at 8-9). Pinellas County argued that the case "should be dismissed or, alternatively, Bright House should be required to detail <u>all</u> layers of Bright House's partners and members and their respective citizenships." (<u>Id.</u>

4

at 9-10)(emphasis in original). Bright House filed a response in opposition on July 17, 2014.  (Doc. # 16).

On July 18, 2014, this Court held a case management hearing and discussed with the parties the issue of subject matter jurisdiction. (Doc. # 17). At the hearing, Bright House cited to a declaration by Bright House's general counsel, which is attached to its response in opposition to the Motion to Dismiss. (See Doc. # 16-4). However, Bright House acknowledged that the declaration fails to describe or identify the partners or members of Time Warner Cable Enterprises, LLC or Advance/New House Partnership.

Bright House represented to the Court that with additional time to research the issue, it could provide the necessary jurisdictional information. Therefore, the Court set August 4, 2014, as the deadline for Bright House to provide the supplemental information to establish its citizenship and demonstrate complete diversity. Bright House failed to file a supplemental memorandum in the time provided by the Court. Accordingly, on August 6, 2014, this Court granted Pinellas County's Motion to Dismiss and dismissed this case as Bright House failed to establish that this Court had subject matter jurisdiction over this action. (Doc. # 22).

Bright House filed the present Motion on August 11, 2014, requesting that this Court reconsider its August 6, 2014, Order. (Doc. # 23). Thereafter, Pinellas County filed a response on August 14, 2014. (Doc. # 25). This Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

**II.  Analysis**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation omitted). Upon review of the present Motion, Bright House's arguments surround the manifest injustice that may occur if the Court declines to reconsider its August 6, 2014, Order.

Bright House requests that this Court consider the supplemental memorandum attached to the Motion, which details its citizenship, and vacate its previous Order dismissing this action. Bright House admits that the August 4, 2014, deadline was discussed at the case management hearing

7

conducted July 18, 2014. However, Bright House posits that since its counsel appeared at the hearing by telephone and the docket did not reflect the deadline, in the Clerk's Minute Entry (Doc. # 17) or otherwise, counsel failed to make a notation in his records of the deadline to file a supplemental memorandum. (Doc. # 23 at 2). Therefore, according to Bright House, "[t]he unique circumstances surrounding the time of [the] case management hearing and the setting of the deadline resulted in the failure to timely file the Supplemental Memorandum." (Id.).

The Court's initial inquiry must be whether Bright House has established sufficient good cause to allow this Court to consider the supplemental memorandum attached to the present Motion, albeit, filed after the August 4, 2014, deadline. The Court finds that Bright House has met this initial hurdle.

Although this Court does not require the parties to diligently take notes during a hearing, it does expect that the parties will be attentive to the discussions that take place during the hearing and the deadlines that are imposed. Nonetheless, this Court recognizes that the August 4, 2014, deadline did not appear on the docket; specifically, the Clerk's Minute Entry (Doc. # 17). Therefore, under the narrow circumstances presented in this case, the Court finds good

cause to consider the supplemental memorandum although Bright House failed to adhere to the August 4, 2014, deadline.

In its response, Pinellas County contends that even considering the supplemental memorandum, Bright House has still failed to properly allege that this Court has jurisdiction, and therefore, the Court's previous Order should remain intact. (Doc. # 25 at 1). Specifically, although Bright House has "listed each member through its chain of ownership and it appears that four of the entities are corporations," Bright House has failed to support its allegations of these corporations' principal places of business. (Id.)(citing Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1153 (11th Cir. 1985)("Determining a corporation's principal place of business may require a complex analysis of business relationships among a hierarchy of corporate entities. . . .")).

To that end, Pinellas County urges this Court to apply the "total activities" test to determine the principal place of business for each listed corporation. (Doc. # 25 at 2)(citing Tai-Pan, Inc. v. Keith Marine, Inc. et al., No. 95-338-CIV-J-20, 1997 WL 714898, at *2 (M.D. Fla. May 13, 1997)). And, "[i]f the 'total activities' of any of the four corporations in Bright House's chain of ownership would point

9

to a principal place of business in Florida, then Bright House would be considered a citizen of Florida and diversity jurisdiction would not exist." (Doc. # 25 at 2).

In Tai-Pan, the defendants filed a motion to dismiss for lack of subject matter jurisdiction arguing that diversity jurisdiction did not exist as the defendants were Florida residents and a Florida corporation and the plaintiff had its principal place of business in Florida. Tai-Pan, 1997 WL 714898, at *2. The parties agreed that courts in the Eleventh Circuit apply the "total activities" test to determine where a corporation has its principal place of business. Id.

> This test combines the "place of activities" test, which focuses on production or sales activities, and the "nerve center" test, which focuses on the situs of the managerial and policy making functions of the corporation. Courts will also apply six additional factors to help determine a corporations's principal place of business: (1) the nature of the activity, i.e., whether "active or passive," "labor-intensive," or "management demanding"; (2) the number of locations where the corporation operates; (3) the significance of the activity as it relates to the corporate purpose and the corporation as a whole; (4) the amount of contact the corporation has with the community; (5) the location of the corporation's nerve center; and (6) whether corporate decisions are confined to the nerve center or delegated to other locations.

Id. "After considering the argued facts and the applicable legal principles," the Tai-Pan court concluded that the plaintiff had not met its burden of providing that its

10

principal place of business is outside of Florida, as the plaintiff "all but conceded that [its] day-to-day operations . . . were conducted . . . in the State of Florida". Id. at *4.

To sufficiently allege diversity jurisdiction, Bright House must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate complete diversity, Bright House must establish that its citizenship is diverse from the citizenship of Pinellas County. To sufficiently allege citizenship of a corporation, the state of incorporation as well as the location of the principal place of business must be stated. See 28 U.S.C. § 1332(c)(1).

As stated by Pinellas County, in its supplemental memorandum "Bright House has . . . listed each member through its chain of ownership and it appears that four of the entities are corporations." (Doc. # 25 at 1). Bright House has provided the principal place of business for each entity. (See Doc. # 23-1). However, at this juncture, Pinellas County requests that this Court engage in even further jurisdictional analysis and apply the "total activities" test to determine where the listed corporations have their principal places of business. (Doc. # 25 at 2). The Court

11

notes that not only has Pinellas County failed to cite any binding authority requiring this Court to engage in such an analysis, it has failed to provide this Court with any factual support demonstrating that if this Court was to apply the "total activities" test, the enumerated corporations' principal places of business are within Florida.

Therefore, to the extent Pinellas County requests that this Court apply the "total activities" test to the present action, the Court grants Pinellas County until August 22, 2014, to file a supplemental memorandum to its reply to Bright House's response in opposition to the Motion to Dismiss, limited to five pages. In its supplemental memorandum, Pinellas County is directed to further explain its position as it relates to the applicability of the "total activities" test and how, if at all, employing the test to the instant action will demonstrate that diversity jurisdiction does not exist.

### III. **Conclusion**

As there will be little, if any, prejudice to Pinellas County if this Court grants Bright House's requested relief, as roughly two weeks have lapsed since this Court dismissed this action, the Court grants Bright House's Motion. Thus, the Court's Order granting Pinellas County's Motion to

Dismiss Complaint for Declaratory relief (Doc. # 22) is vacated.

Pinellas County has until August 22, 2014, to file a supplemental memorandum to its reply to Bright House's response in opposition to the Motion to Dismiss addressing the applicability of the "total activities" test to the instant action. Thereafter, upon the filing of an appropriate motion, the Court will allow Bright House to file a sur-reply on the limited issue of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Bright House Networks, LLC's Motion for Reconsideration of Dismissal Order (Doc. # 23) is **GRANTED**.

(2) The Court's Order granting Defendant Pinellas County's Motion to Dismiss Complaint for Declaratory Relief (Doc. # 22) is hereby **VACATED**.

(3) The Clerk is directed to reinstate this action and all Motions that were pending at the time of dismissal.

(4) Pinellas County has until and including **August 22, 2014**, to file a supplemental memorandum to its reply (Doc. # 21) to Bright House's response in opposition to the Motion to Dismiss, limited to five pages.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record